UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VANDENBERG & SONS FURNITURE,
INC., a Michigan corporation, individually
and as the representative of a class of
similarly situated persons,

      Plaintiff,

v.                                                        Case No. 1:12-CV-1021

STEVEN M. KATCHEN,                               HON. GORDON J. QUIST
AFFORDABLE LIFE LIMITED
LIABILITY COMPANY, and
JOHN DOES 1–10,

      Defendants.
_____/

## OPINION

Plaintiff brought this putative class action against Defendants for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Defendant Steven Katchen has filed a motion to dismiss for lack of personal jurisdiction. Katchen's motion also requests that the Court dismiss the action against Affordable Life Limited Liability Company (Affordable) for lack of personal jurisdiction and improper service. For the reasons set forth below, the Court will exercise personal jurisdiction over Katchen but will not consider the motions made on behalf of Affordable. Moreover, because Katchen's motion was untimely, and Katchen has not filed an answer, the Court will give Katchen fourteen (14) days to file an answer.

### I. BACKGROUND

In its Complaint, Plaintiff alleges that on or about April 25, 2011, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. It further alleges that the fax was a

part of Defendants' work or operations to market Defendants' goods or services. Plaintiff had not invited or given permission to Defendants to send the fax. Plaintiff also alleges that Defendants faxed the same or similar unsolicited faxes to more than 40 other recipients without express permission or invitation, and the faxes did not include proper opt-out notification.

## II. DISCUSSION

### A. Personal Jurisdiction

First, the Court must determine whether Katchen is subject to personal jurisdiction in Michigan. Katchen has submitted an affidavit stating that (1) he is domiciled in the State of New Jersey, (2) he does not "conduct business" in the State of Michigan, and (3) he has "never been in the State or conducted any activity in the State." (Katchen Aff., Docket no. 11, Page ID 35.)

"The burden of establishing jurisdiction over the persons of the defendants rests with the plaintiff." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). Where there has been no evidentiary hearing to resolve apparent factual questions, the plaintiff "need only make a *prima facie* showing of personal jurisdiction." *Id.*; *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A court must construe the pleadings and affidavits in the light most favorable to the party asserting personal jurisdiction. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). A plaintiff can satisfy its burden by "'establishing with reasonable particularity sufficient contacts between [a defendant] and the forum state to support jurisdiction.'" *Id.* (quoting *Provident Nat'l Bank v. Cal. Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

Personal jurisdiction may be based upon general jurisdiction or upon limited jurisdiction. "Limited jurisdiction extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect," whereas "[g]eneral jurisdiction . . . enables a court in

2

Michigan to exercise jurisdiction over a [defendant] regardless of whether the claim at issue is related to its activities in the state or has an in-state effect." *Neogen Corp.*, 282 F.3d at 888 (citing *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). A court may assert personal jurisdiction over a defendant only if it comports both with the state's long-arm statute and constitutional due process. *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011). Michigan courts have general jurisdiction over an individual when the individual is served in the state, domiciled in the state, or has consented to be sued in the state. Mich. Comp. Laws § 600.701; *see also Walker Motorsport, Inc. v. Henry Motorsport, Inc.*, No. 95-2250, 1997 WL 148801, at *2 (6th Cir. Mar. 31, 1997) (per curiam). The Michigan long-arm statute granting limited jurisdiction over individuals provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws § 600.705.

The Michigan Supreme Court has construed Michigan's long-arm statute to extend to the limits imposed by the due process clause of the federal constitution. *See Sifers v. Horen*, 385 Mich. 195, 199, 188 N.W.2d 623, 623–24 (1971). Thus, the two questions merge so that the only question is whether assertion of personal jurisdiction violates the due process clause. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996); *but see Finnsugar Bioproducts, Inc. v. Monitor Sugar Co.*, No. 00-10381-BC, 2002 WL 31758644, at * 4 (E.D. Mich. Sept. 30, 2002) ("[T]he Michigan Supreme Court has clarified that its statute does *not* automatically extend to the limits of the Due Process Clause. Thus, if the defendant's conduct is not covered by the long-arm statute, there is no need to conduct a Due Process analysis." (emphasis in original)).

The Sixth Circuit has interpreted the phrase "the transaction of any business" broadly:

> '[T]he Michigan Supreme Court stated that "[t]he word 'any' means just what it says. It includes 'each' and 'every.'. . . It comprehends the 'slightest.' " *Lanier v. Am. Board of Endodontics,* 843 F.2d 901, 905–06 (6th Cir.1988) (quoting *Sifers v. Horen,* 385 Mich. 195, 199 n. 2, 188 N.W.2d 623, 624 n. 2 (1971)). This construction applies with equal force to [Mich. Comp. Laws § 600.705]. *Hertzberg & Noveck v. Spoon,* 681 F.2d 474, 478 (6th Cir.1982).'

*Belfor USA Grp., Inc. v. Rainier Asset Mgmt. Co., LLC*, 12-13966, 2012 WL 5447908, at *4 (E.D. Mich. Nov. 7, 2012) (quoting *Theunissen*, 935 F.2d at 1463–64). The transaction of business clause includes "contact with Michigan customers through the mail and the wires." *Neogen,* 282 F.3d at 892 (citing *Sifers*, 385 Mich. 195, 188 N.W.2d 623).

To satisfy the requirements of federal due process, a defendant not present within the forum state must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343 (1940)). A defendant's contacts with a state must be "purposeful," meaning that a defendant

4

must intend to avail himself of the privilege of conducting activities in the forum state, invoking the "benefits and protections" of the forum's laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76, 105 S. Ct. 2174, 2183–84 (1985) (citations omitted). This requirement ensures that non-residents will have fair notice that their actions may subject them to suit in the forum state. *See id.* at 472, 105 S. Ct. at 2181–82. In addition, the plaintiff's claim must either arise out of or relate to the defendant's activities in the forum state. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984). Finally, even if the minimum contacts requirement is satisfied, a court must determine whether assertion of personal jurisdiction over the defendant would be fair under the circumstances of the case. *See Burger King*, 471 U.S. at 476–78, 105 S. Ct. at 2184–85.

In deciding whether the exercise of personal jurisdiction comports with due process, the Sixth Circuit applies the following three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

### 1. Purposeful Availment

To satisfy the first requirement of the *Mohasco* test, 401 F.2d at 381, Plaintiff must show that Defendants purposefully availed themselves of the privilege of acting or causing a consequence in Michigan. "'[P]urposeful availment' is something akin to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities." *Neogen Corp.*, 282 F.3d at 891 (quoting *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 153–54, 273 N.W.2d 811, 819 (1978)). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King*, 471 U.S. at 474–75, 105 S. Ct. at 2183–84) (citations omitted) (emphasis in original).

Plaintiff argues that it has satisfied this requirement with respect to all Defendants. Plaintiffs allege that all Defendants sent the unsolicited fax into Michigan, the very act that gives rise to the cause of action. Katchen avers that he did "not conduct any business whatsoever in the State of Michigan" and denies ever being physically present in Michigan. Katchen does not, however, deny that he ever sent a fax to a Michigan fax machine. Construing the pleadings and affidavits in the light most favorable to the plaintiffs, *Neogen Corp.*, 282 F.3d at 887, Katchen sent at least one fax to Michigan. Therefore, the inquiry is whether a sending a single fax can constitute a basis for personal jurisdiction in this Court.

"[E]ven a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 70 S. Ct. 199, 201 (1957)). The Sixth Circuit has held that sending fraudulent communications into a forum state constitutes purposeful availment. *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001). "The acts of making phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." *Id.* In *Neal*, the Sixth Circuit applied the principles of *Mohasco*, 401 F.2d at 381, to a tort action for fraud involving solicitations by telephone and fax, and concluded that the Court had personal jurisdiction over the defendant where the content of the communication made into the forum gave rise to the claim. *Id.*

In this case, Plaintiff alleges that Defendants sent at least one fax into Michigan for purposes of pursuing financial gain for Defendants. This one fax is sufficient to trigger a federal cause of action under the TCPA, 47 U.S.C. § 227. Therefore, the Court concludes that Katchen's alleged action constitutes purposeful availment.

### 2. Cause of Action

In order for this Court to exercise personal jurisdiction, Plaintiff must also establish that the cause of action arises from Defendants' activities here. *Mohasco*, 401 F.2d at 381. The parties do not dispute that Defendants' alleged sending of a fax to Michigan gives rise to the cause of action.[1]

---

[1] Katchen does dispute, on behalf of Affordable, that the fax was not in compliance with federal law. (Katchen Aff., Docket no. 11, Page ID 36.)

### 3. Reasonableness

Finally, Plaintiff must establish that Katchen's acts or consequences have a substantial enough connection with the forum state to make exercise of jurisdiction over Katchen reasonable. *Mohasco*, 401 F.2d at 381. Plaintiffs argue that this case is like *Neal* because Katchen sent the fax solicitation with the intent to profit financially, which is sufficient to make it reasonable for this Court to exercise personal jurisdiction over Katchen. Katchen offers no argument about reasonableness. Viewing the pleadings and affidavits in a light most favorable to Plaintiff, the Court agrees that Katchen's alleged sending of an unsolicited fax is sufficient to make the exercise of personal jurisdiction reasonable. Katchen targeted at least one fax number within Michigan with the intent to solicit business.

Therefore, like the Sixth Circuit, this Court holds that "when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action," *Neal*, 270 F.3d at 333, personal jurisdiction is present even though a defendant is not physically present in the state. This Court will exercise personal jurisdiction over Katchen.

### B. Affordable's Motion to Dismiss

In his motion to dismiss for lack of personal jurisdiction, Katchen also requests that the Court dismiss the Complaint against Affordable for lack of personal jurisdiction and improper service of process. (Docket no. 10, Page ID 34.) However, corporations are required to be represented in court by licensed attorneys. *Detroit Bar Ass'n v. Union Guardian Trust Co.*, 282 Mich. 707, 711, 281 N.W. 432, 433 (1938) ("While an individual may appear in proper person, a corporation, because of the very fact of its being a corporation, can appear only by attorney, regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity."); *Peters Prod., Inc. v. Desnick*

*Broad. Co.*, 171 Mich. App. 283, 287, 429 N.W.2d 654, 655 (1988).  Katchen does not purport to be an attorney licensed to practice before this Court.  Therefore, even if Katchen is a former agent of Affordable, a limited liability company, he may not assert a motion to dismiss for lack of personal jurisdiction or improper service on behalf of Affordable.  Thus, the Court will not consider Katchen's arguments on behalf of Affordable.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Katchen's motion to dismiss for lack of personal jurisdiction and dismiss Katchen's motion to dismiss on behalf of Affordable.  The Court will also order Katchen and Affordable, through licensed counsel, to file an answer within fourteen (14) days of receiving this Opinion or the Court will enter an order of default judgment in favor of Plaintiff.

An Order consistent with this Opinion will be entered.


Dated:  February 12, 2013                             /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE